# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLYN BUTTS, as the Administratrix of the Estate of WILLIAM H. BUTTS, JR., and in her own right,<br>5941 Belmar Terrace<br>Philadelphia, PA 19143<br><br>       Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA<br>c/o Civil Process Clerk<br>United States Attorney's Office<br>615 Chestnut Street,<br>Suite 1250<br>Philadelphia, PA 19106<br><br>       Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED<br><br>MEDICAL PROFESSIONAL NEGLIGENCE ACTION |

## CIVIL ACTION COMPLAINT – MEDICAL MALPRACTICE

Plaintiff, Carolyn Butts, as Administratrix of the Estate of William Butts, Jr., and in her own right, brings this medical malpractice action against the defendant United States of America. In support of her Complaint, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This medical malpractice action involves a claim for personal injury and wrongful death against the United States of America under Section (b)(1) of the Federal Tort Claims Act, 42 U.S.C. § 1346.

2. Subject matter jurisdiction is based on 28 U.S.C. § 1331 and 42 U.S.C. § 1346.

3. Venue is proper because the acts and omissions that form the subject matter of this action occurred in this judicial district.

4. On or about August 15, 2019, Plaintiff presented this claim to the United States Department of Veterans Affairs, which has had more than six months to consider Plaintiff's claim and has not issued any ruling.

5. A Certificate of Merit as would be required under Pennsylvania state law in a medical malpractice action is attached hereto as Exhibit A.

## THE PARTIES

6. Plaintiff Carolyn Butts is the Administratrix of the Estate of William H. Butts, Jr., having been granted Letters of Administration by the Register of Wills of Philadelphia County, Pennsylvania on November 5, 2018. (A true and correct copy of the Letters of Administration are attached as Exhibit B.)

7. Plaintiff Carolyn Butts is the wife of William H. Butts, Jr., who at the time of his death, resided at 5941 Belmar Terrace, Philadelphia, PA 19143.

8. William H. Butts, Jr. died intestate on July 2, 2018 at the age of 72.

9. Defendant United States of America (hereinafter "Defendant"), by and through the United States Department of Veterans Affairs, owned and operated the Philadelphia VA Medical Center ("PVAMC"), which is located at 3900 Woodland Ave., Philadelphia, PA 19104.

10. PVAMC was, at all times material hereto, an institutional healthcare provider, healthcare facility, comprehensive provider of healthcare and healthcare services, including inpatient hospital facilities, duly licensed by, organized according to, and/or existing under the laws of the Commonwealth of Pennsylvania, and accredited and certified by the Joint Commission.

11. At all times material hereto, Defendant employed physicians and other health care providers who provided care and treatment to William H. Butts, Jr., during an admission to the PVAMC from June 30, 2018 – July 1, 2018, including without limitation Helen G. Lo, M.D.,

Dustin Krutsinger, M.D., Howard M. Julien, M.D. and a physician identified in Dr. Lo's note of 6/30/18 at 18:29 as "Dr. Markman" (on information and belief, cardiology fellow Timothy Markman, M.D.) (hereinafter "Dr. Markman").  (A Certificate of Merit regarding the Defendant is attached hereto as Exhibit B.)

12. At all times material hereto, the physicians and other health care providers who provided care and treatment to William H. Butts, Jr., during his admission to the PVAMC from June 30, 2018 – July 1, 2018 (including without limitation Helen G. Lo, M.D., Dustin Krutsinger, M.D., Howard M. Julien, M.D. and Dr. Markman were under the oversight, direction, supervision, control, and/or right of control of Defendant, and were acting within the scope of their agency, master-servant, and/or employment relationship with Defendant, while providing medical care and treatment to William H. Butts, Jr.  Accordingly, Defendant is liable for the negligent acts and/or omissions of these physicians and other health care providers in their medical care and treatment of William H. Butts, Jr., under theories of *respondeat superior*, master-servant, agency, right-of-control, and/or negligent supervision

13. At all times relevant hereto, Defendant was acting individually and/or, by and through its duly authorized actual, apparent, and/or ostensible agents, servants, and/or employees, who provided care and treatment to William H. Butts, Jr., during his admission to the PVAMC from June 30, 2018 – July 1, 2018 (including without limitation Helen G. Lo, M.D., Dustin Krutsinger, M.D., Howard M. Julien, M.D. and Dr. Markman), all of whom were acting within the course and scope of their employment, service, and/or agency, while rendering care to William H. Butts, Jr.  Defendant is, therefore, liable to Plaintiff herein for the negligent acts and omissions of its actual, apparent, and/or ostensible agents, servants, and/or employees, including Helen G. Lo, M.D., Dustin Krutsinger, M.D., Howard M. Julien, M.D. and Dr. Markman).

14. Defendant herein is vicariously liable to Plaintiff for injuries sustained as a result of the negligence of persons or entities whose conduct was under their control, or right to control, and which conduct directly and proximately caused Decedent's injuries and death.

15. At all relevant times hereto, Defendant and/or its agents were engaged in the practice of medicine, and were obligated to bring to bear in the practice of their professions the professional skill, knowledge, and care which they possessed, and to pursue their professions in accordance with reasonably safe and accepted standards of medicine in general, and in their specialties in particular.

16. At all relevant times, Decedent was under the medical care, treatment, and attendance of Defendant directly and through its agents, servants, and/or employees, including ostensible agents, identified above by name or job description, and under its control or right to control.

17. The injuries to Decedent were the direct result of the negligence and carelessness of Defendant, and/or its agents, servants and/or employees, and were due in no manner, whatsoever, to the failure to act on the part of Decedent, or any person other than Defendant and/or its agents, servants, and/or their employees.

**FACTUAL ALLEGATIONS**

18. At approximately 16:34 on June 30, 2018, William H. Butts, Jr. presented to PVAMC with complaints including shortness of breath, hemoptysis (coughing up blood) and decreased appetite.

19. Mr. Butts had a history of cerebrovascular accident, chronic kidney disease, hypertension and hyperlipidemia.

20. Mr. Butts was evaluated in the Emergency Department and placed on ECG

(electrocardiogram), NIBP (non-invasive blood pressure) monitor and pulse oximetry.

21. Physical exam revealed bilateral pitting edema.

22. Mr. Butts was hypotensive, with a blood pressure of 89/63, had an elevated troponin of 28 and an abnormal EKG (with significant changes as compared to his prior EKG from 2017).

23. The EKG performed at 16:51 revealed "anteroseptal infarct" and "ST&T wave abnormality, consider lateral ischemia."

24. A note by Dr. Lo on June 30, 2018 at 18:29 states "dw Dr. Markman of cards who states that in absence of persistent active cp, no significant EKG changes, no need for emergency cath intervention, but would admit to MICU [Medical Intensive Care Unit] to trend carefully."

25. Dr. Lo's note also states "Chest x-ray is not definitive for pneumonia, though I'm suspicious about the r upper lobe. We'll order CT chest, but given the fact the patient is also having left lower chest and left upper quadrant pain, we'll order LFTs, lipase and CT abdomen and pelvis."

26. Despite a clinical presentation and diagnostic studies consistent with ischemic cardiogenic shock and myocardial infarction on presentation to the PVAMC, the health care providers who provided treatment and care failed to diagnose and treat Mr. Butts in accordance with the applicable standard of care, which required diagnosis of cardiogenic shock and urgent cardiac catheterization and Extracorporeal Membrane Oxygenation (ECMO).

27. Instead, Mr. Butts was admitted to the MICU (medical intensive care unit) for fluid and observation and remained at the PVAMC overnight with worsening cardiogenic shock as reflected in both his clinical presentation and additional diagnostic studies before he was finally transferred to HUP emergently on the morning of July 1, 2018.

28. In the MICU history and physical, pulmonary fellow Dr. Krutsinger noted, "[i]n the ER he was found to be hypotensive and given 500 ccs NS. Also found to have very elevated troponin and new anteroseptal Q waves not present in 2017."

29. According to the MICU H&P, "[u]pon arrival to the ER, a bedside echo was performed which demonstrated decreased EF and no signs of right ventrical [sic] dilation. Repeat EKG concerning for increased ST elevation."

30. Specifically, Dr. Krutsinger noted the 16:52 EKG showed "sinus tach with new Q waves in anteroseptal leads, mild ST elevation leads V1-3 and depression V4-6."

31. Dr. Krutsinger also noted a repeat EKG at 20:13 which showed "Sinus Tach with continued Q waves increased ST elevation leads V1-3, and increased depression V4-6."

32. According to the MICU H&P, "they discussed the case with cardiology. Given the lack of active chest pain or more concerning EKG changes there was felt to be no need for emergent cath intervention and recommended admission for serial EKG and troponins."

33. The records indicate that Mr. Butts was in shock, but Dr. Krutsinger noted an "unclear etiology between cardiogenic or septic. … Shock could also be cardiogenic as evidenced by elevated troponin and reduced EF. He appears to have had a cardiac event recently but does not appear to be having an acute MI at this time."

34. An ECG read at 22:23 indicates "cannot rule out Anteroseptal infarct" with marked ST abnormality.

35. According to the cardiac care unit admission note written by Dr. Julien on July 1, 2018 at 10:12, "[o]vernight he became progressively hypotensive into the 70s-80s systolic and a left internal jugular TLC [triple lumen catheter] was placed."

36. On July 1, 2018 at 06:31, Mr. Butt's troponin was up to 39.5.

37. A bedside echocardiogram on the morning of July 1, 2018 showed "LVEF [left ventricular ejection fraction] ~10%, at least moderate RV [right ventricular] dysfunction, mild TR [tricuspid regurgitation], no pericardial effusion, no AS [aortic stenosis]."

38. Mr. Butts was "found to be in cardiogenic shock requiring pressors secondary to biventricular heart failure."

39. The CCU admission note documents "[h]ypotension with biventricular systolic failure."

40. According to Dr. Julien, the differential diagnosis "includes ACS given rising troponins versus DVT/PE with stress cardiomyopathy."

41. A plan was made for urgent transfer of Mr. Butts to HUP for right and left heart catheterization with PA angiogram.

42. According to the PVAMC discharge summary, at the time of transfer to HUP, Mr. Butts was "critically ill on dual pressors likely having an active MI."

43. Mr. Butts was "transferred to HUP in cardiogenic shock and was taken emergently to the cath lab where he had drug-eluting stents placed in the proximal left anterior descending and proximal circumflex arteries."

44. According to HUP records, "there was also sub-total occlusion of the ramus, but a stent was unable to be placed due to heavy calcium."

45. Along with stenting, Mr. Butts was "also emergently placed on veno-arterial extracorporeal membrane oxygenation (ECMO) with right common femoral vein inflow and left common femoral artery with left superficial femoral artery outflows."

46. He was admitted to the cardiothoracic surgery intensive care unit.

47. There was difficulty maintaining blood flow and it was noted that "[o]vernight, there was difficulty maintaining ECMO flows >3L/min, so an additional inflow cannula was placed in the right internal jugular vein."

48. On July 2, 2018, the "difficulty maintaining ECMO flow >3L/min persisted" and "[transesophageal echocardiogram demonstrated diffuse thrombus in the right ventricle, right atrium encasing the ECMO cannulas, and pulmonary artery, and severe biventricular dysfunction."

49. Mr. Butts's family was told that his prognosis was grim and decided to withdraw all but comfort measures.

50. Mr. Butts died on July 2, 2018 at 16:50.

51. The Death Certificate lists myocardial Infarction and ischemic cardiogenic shock as the immediate cause of death, followed by ST elevated myocardial infarction and coronary artery disease.

52. Defendant knew or should have known on June 30, 2018, that Mr. Butts was at risk for myocardial infarction and/or cardiac arrest and that he required further cardiac evaluation including but not limited to a cardiac catheterization.

53. As set forth more fully below, Defendant failed to take adequate medical care to prevent the untimely death of William H. Butts, Jr.

54. The negligence of Defendant, through its delay in recognition, diagnosis and treatment resulted in severe and permanent injuries, damages and death, which otherwise would have been avoided.

55. As a direct and proximate result of the negligence of Defendant herein, as more fully set forth below, William H. Butts, Jr. suffered injuries including but not limited to:

    a. Acute myocardial infarction;

    b.  Ischemic cardiogenic shock;

    c.  ST elevated myocardial infarction;

    d.  Pain and suffering;

    e.  Fear of impending death;

    f.  Embarrassment;

    g.  Humiliation;

    h.  Loss of life's pleasures;

    i.  Medical expenses;

    j.  Reduction of life expectancy;

    k.  Increased risk of death; and

    l.  Death.

56. As a direct result of the negligence of Defendant herein and due to the death of William H. Butts, Jr., Carolyn Butts has suffered a loss of consortium and has been deprived of the value of his services, including his society and comfort.

## COUNT I – NEGLIGENCE

### Plaintiff v. Defendant United States of America

57. The preceding paragraphs are incorporated by reference as though fully set forth herein.

58. Defendant United States of America, acting by and through its actual and/or ostensible agents (including without limitation Helen G. Lo, M.D., Dustin Krutsinger, M.D., Howard M. Julien, M.D. and Dr. Markman), was negligent in the medical care of Plaintiff's decedent, William H. Butts, Jr., in one or more of the following ways:

    a. Failing to properly assess Mr. Butts for risk of acute myocardial infarction;

    b. Failing to properly assess Mr. Butts for risk of ischemic cardiogenic shock;

 c. Failing to properly assess Mr. Butts for risk of coronary artery disease;

 d. Failing to properly assess Mr. Butts for risk of acute coronary syndrome;

 e. Failing to recognize the significance of Mr. Butts's presenting history, complaints, signs and/or symptoms;

 f. Failing to recognize the significance of Mr. Butts's prior medical history and risk factors;

 g. Failing to order or recommend a cardiac catheterization on June 30, 2018;

 h. Failing to order additional cardiac testing for Mr. Butts, including coronary angiography, cardiac catheterization and/or other testing on June 30, 2018;

 i. Failing to transfer Mr. Butts to HUP on June 30, 2018 for cardiac catheterization;

 j. Failing to diagnose and/or treat Mr. Butts for acute coronary syndrome;

 k. Failing to diagnose and/or treat Mr. Butts for myocardial infarction;

 l. Failing to diagnose and/or treat Mr. Butts for ischemic cardiogenic shock;

 m. Failing to follow recognized protocols for the diagnosis and treatment of myocardial infarction, cardiogenic shock and/or acute coronary syndrome;

 n. Failing to recognize a life-threatening emergency;

 o. Failing to recognize and respond to the significance of Mr. Butts's elevated troponin levels;

 p. Failing to recognize and respond to the significance of Mr. Butts's abnormal EKG findings;

 q. Failing to recognize presentation consistent with acute ischemia and/or myocardial infarction;

 r. Failing to recognize that Mr. Butts was in cardiogenic shock;

 s. Failing to recognize impending myocardial infarction;

 t. Failing to rule out cardiac cause for Mr. Butts's symptoms;

 u. Admitting Mr. Butts into the MICU at PVAMC instead of transferring him to a facility that could perform cardiac catheterization;

    v. Concluding that Mr. Butts's signs and symptoms including elevated troponin levels were due to a prior cardiac event instead of an active and ongoing cardiac event;

    w. Failing to prevent Mr. Butts's acute myocardial infarction and death;

    x. Failing to prevent Mr. Butts's ischemic cardiogenic shock and death;

    y. Failing to prevent Mr. Butts's ST elevated myocardial infarction and death; and

    z. Failing to prevent Mr. Butts's coronary artery disease and death.

59. Defendant undertook and/or assumed a duty to render reasonable, proper, adequate and appropriate medical care to Mr. Butts and to avoid harm to him, which duty was breached by Defendant.

60. Plaintiff's decedent relied upon the knowledge, skill, treatment and advice of Defendant and its agents in their care and treatment of him.

61. Defendant's carelessness and negligence, as set forth above, increased the risk of harm to, and was a factual cause of the injuries, damages and death of William H. Butts, Jr., as set forth herein.

**WHEREFORE,** Plaintiff Carolyn Butts, Administratrix of the Estate of William H. Butts, Jr., deceased, respectfully demands judgment against Defendant United States of America in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post judgment interest, and costs.

## COUNT II - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### Plaintiff v. Defendant United States of America

62. The previous paragraphs are incorporated herein by reference as if set forth in full.

63. Plaintiff Carolyn Butts was present and with her husband, William H. Butts, Jr., throughout his hospitalizations at PVAMC from June 30, 2018 through July 1, 2018 and at HUP from July 1, 2018 until his death on July 2, 2018.

64. Plaintiff Carolyn Butts contemporaneously observed and witnessed both the negligence/carelessness of Defendant, as detailed above, and the consequences of that negligence as set forth above in paragraphs 18 through 58.

65. The trauma and shock of Plaintiff Carolyn Butts's contemporaneous observance of the events described herein have caused Plaintiff to suffer in the past and will cause Plaintiff to suffer in the future bodily injury resulting from severe emotional and psychological distress and injury, including, insomnia, depression, anxiety and physical and psychological ailments.

**WHEREFORE,** Plaintiff Carolyn Butts, Administratrix of the Estate of William H. Butts, Jr., deceased, respectfully demands judgment against Defendant United States of America in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post judgment interest, and costs.

### FIRST CAUSE OF ACTION – WRONGFUL DEATH

66. The preceding paragraphs and allegations stated above are fully incorporated by reference as though fully set forth herein.

67. Plaintiff, Carolyn Butts, Administratrix of the Estate of William H. Butts, Jr., deceased, bring this action on behalf of, the following beneficieries of William H. Butts, Jr., under and pursuant to, the Wrongful Death Act, 42 Pa. C.S.A. § 8301:

    a.    Carolyn Butts (Decedent's wife)
5941 Belmar Terrace
Philadelphia, PA 19143

    b.    Daryl Butts (Decedent's Son)
7300 Hiola Road
Philadelphia, PA 19128

    c.    Monica Butts (Decedent's Daughter)
7049 Greenwood Ave.
Upper Darby, PA 19082

    d.    Taijuan Butts (Decedent's Daughter)
5941 Belmar Terrace
Philadelphia, PA 19143

68. As a direct result of the Defendant's negligent and careless acts, as set forth above, Plaintiff's decedent, William H. Butts, Jr., sustained grave injuries and death entitling said beneficiaries to damages under the Wrongful Death Act including the value of the decedent's life to the family and the expenses caused to the family by his death. 42 Pa. C.S.A. § 8301; *Slaseman v. Myers,* 455 A.2d 1213, 1218 (Pa. Super. 1983).

69. Plaintiff, Carolyn Butts, Administratrix of the Estate of William H. Butts, Jr., deceased, claims the full measure of damages for the wrongful death of William H. Butts, Jr., recoverable under Pennsylvania's Wrongful Death Act, 42 Pa. C.S.A. § 8301. *See Rettger v. UPMC Shadyside*, 991 A.2d 915, 932 (Pa. Super., 2010), *petition for allowance of appeal* denied, 15 A.3d 491 (Pa. 2011); *Machado v. Kunkel*, 804 A.2d 1238, 1245 (Pa. Super 2002).

**WHEREFORE,** Plaintiff, Carolyn Butts, Administratrix of the Estate of William H. Butts, Jr., deceased, respectfully demands judgment against Defendant, United States of America, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post judgment interest, and costs.

## SECOND CAUSE OF ACTION – SURVIVAL ACT

70. The preceding paragraphs and allegations stated above are fully incorporated by reference as though fully set forth herein.

71. Plaintiff, Carolyn Butts, Administratrix of the Estate of William H. Butts, Jr., deceased, brings this action on behalf of the beneficiaries of the Estate of William H. Butts, Jr., under and pursuant to, the Survival Act, 42 Pa. C.S.A. § 8302 pursuant to Pennsylvania's law of intestacy, which include:

   a. Carolyn Butts (Decedent's wife)
      5941 Belmar Terrace
      Philadelphia, PA 19143

   b. Daryl Butts (Decedent's Son)
      7300 Hiola Road
      Philadelphia, PA 19128

   c. Monica Butts (Decedent's Daughter)
      7049 Greenwood Ave.
      Upper Darby, PA 19082

   d. Taijuan Butts (Decedent's Daughter)
      5941 Belmar Terrace
      Philadelphia, PA 19143

72. As a direct result of the negligent and careless acts and omissions of Defendant, as set forth above, Plaintiffs' decedent, William H. Butts, Jr., was caused grave injuries, pain and suffering and death resulting in the entitlement to damages.

73. Plaintiff, Carolyn Butts, Administratrix of the Estate of William H. Butts, Jr., deceased, claims the full measure of damages cognizable by and recoverable under the Survival Act.

**WHEREFORE,** Plaintiff, Carolyn Butts, Administratrix of the Estate of William H. Butts, Jr., deceased, respectfully demands judgment against Defendant, United States of America, in an amount in excess of the prevailing arbitration limits, exclusive of prejudgment interest, post judgment interest, and costs.

                                                            **YOUMAN & CAPUTO, LLC**

Date: 3/27/20                    By: _____
                                          ANDREW S. YOUMAN, ESQUIRE
                                          HEATHER K. D'ONOFRIO, ESQUIRE
                                          Attorneys for Plaintiff